**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAYLA TAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BIOHAVEN LTD., VLAD CORIC, and MATTHEW BUTEN,<br><br>    Defendants. | **CASE No.: 3:25-cv-01120-JCH**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SEBASTIAN BARTHELMESS TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ................................................................................. 4

ARGUMENT ............................................................................................................................. 7

   I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................ 7

      A.   Movant Is Willing to Serve as Class Representative ........................................................ 7

      B.   Movant Has the Largest Financial Interest in the Action.................................................. 8

      C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure  8

      D.   Movant Is Presumptively the Most Adequate Plaintiff.................................................... 10

  II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED......................... 11

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**CASES**

*In re Bally Total Fitness*, *Sec. Litig.*,

   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .............................................................. 8

*In re Cendant Corp. Litigation*,

   264 F.3d. 201 (3d Cir. 2001) .......................................................................... 10

*In re Fuwei Films Sec. Litig.*,

   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................... 8, 9

*In re Livent, Inc. Noteholders Sec. Litig.*,

   210 F.R.D. 512 (S.D.N.Y. 2002) ...................................................................... 9

*In re Olsten Corp. Sec. Litig.*,

   3 F.Supp.2d 286 (E.D.N.Y. 1998) .................................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42 (S.D.N.Y. 1998) ................................. 9

*Lax v. Merch. Acceptance Corp.*,

   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...................................................... 8

*Takara Trust v. Molex*,

   229 F.R.D. 577 (N.D. Ill. 2005) ...................................................................... 8

**STATUTES**

15 U.S.C. § 78u-4 ............................................................................................ passim

**RULES**

Fed. R. Civ. P. 23 ........................................................................................... 8, 9

Plaintiff Sebastian Barthelmess ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of securities of Biohaven Ltd. ("Biohaven" or the "Company") between March 24, 2023 and May 14, 2025, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Faxon Law Group, LLC as Liaison Counsel.

## INTRODUCTION AND BACKGROUND

On July 14, 2025, this case was filed against Biohaven, Vlad Coric, and Matthew Buten. That same day, an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Cates Declaration, Ex. 1.

Biohaven is a biopharmaceutical company that discovers, develops, and commercializes therapies for immunology, neuroscience, and oncology. The Company is developing, among other product candidates, troriluzole for the treatment of spinocerebellar ataxia ("SCA"), among other indications, as well as BHV-7000 for the treatment of bipolar disorder, among other indications.

In May 2022, a Phase 3 trial evaluating troriluzole's efficacy as a treatment for SCA (the "Phase 3 SCA Trial") failed to meet its primary endpoint. Nonetheless, at all relevant times, Defendants continued to consistently tout troriluzole's purported viability and regulatory prospects as a treatment for SCA based on certain post-hac analyses and additional data.

In May 2023, Biohaven announced that it had submitted a New Drug Application ("NDA") with the U.S. Food and Drug Administration ("FDA") for troriluzole as a treatment for SCA (the

"troriluzole NDA"). Likewise, in October 2023, Biohaven announced that the European Medicines Agency had accepted the Company's Marketing Authorization Application ("MAA") for troriluzole as a treatment for SCA (the "troriluzole MAA").

The complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) troriluzole's regulatory prospects as a treatment for SCA, and/or the sufficiency of data that Biohaven submitted in support of troriluzole's regulatory approval for this indication, were overstated; (ii) BHV-7000's efficacy and clinical prospects as a treatment for bipolar disorder were likewise overstated; (iii) all the foregoing, once revealed, was likely to have a significant negative impact on Biohaven's business and financial condition; and (iv) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On July 27, 2023, during pre-market hours, Biohaven issued a press release providing a preliminary electroencephalogram ("EEG") data update for its Kv7 platform, including BHV-7000 as a treatment for bipolar disorder, as well as a regulatory update on the troriluzole NDA. That press release disclosed, inter alia, that the FDA had rejected the troriluzole NDA, refusing even to review the application because the Phase 3 SCA Trial had failed to meet its primary endpoint:

> On its SCA program, the FDA informed Biohaven that it would not review the recently submitted NDA application for troriluzole given that the study's primary endpoint was not met and thus, would not permit a substantive review. The communication from the FDA indicated that the Company may request a Type A meeting within 30 days. Biohaven is committed to working closely with the FDA to bring troriluzole to people with SCA3 as quickly as possible given no therapy is currently approved for this ultra-rare genetic disorder and is requesting a Type A meeting to comprehensively address FDA's concerns cited in the refusal to file letter. Any updates regarding the Type A meeting will be provided subsequent to the upcoming regulatory interaction.

On this news, Biohaven's stock price fell $5.38 per share, or 22.61%, to close at $18.42 per share on July 27, 2023.

On December 16, 2024, Biohaven issued a press release announcing, inter alia, that it had resubmitted the troriluzole NDA to the FDA following additional purportedly positive efficacy data and "completion of a pre-NDA meeting in" the fourth quarter of 2024.

On March 3, 2025, Biohaven issued a press release reporting its Q4 and full year 2024 financial results and recent business developments. Therein, Biohaven disclosed that recent data from a late-stage study of BHV-7000 in bipolar mania "did not statistically separate from the comparator on the Young Mania Rating Scale primary outcome measure[.]"

On this news, Biohaven's stock price fell $5.12 per share, or 13.77%, to close at $32.06 per share on March 3, 2025.

On April 25, 2025, multiple news reports emerged that, according to the EMA, Biohaven had withdrawn its troriluzole MAA in late March 2025.

On this news, Biohaven's stock price fell $3.56 per share, or 15.21%, to close at $19.84 per share on April 25, 2025.

Then, on May 14, 2025, Biohaven issued a press release "announc[ing] that the Division of Neurology 1 within FDA's Office of Neuroscience informed the Company that they are extending the [Prescription Drug User Fee Act ('PDUFA')1] date for the troriluzole [NDA] for the treatment of [SCA] by three months to provide time for a full review of Biohaven's recent submissions related to information requests from the FDA." The press release further stated that "[t]he Division also informed Biohaven that it is currently planning to hold an advisory committee meeting to discuss the application, but no date has been scheduled."

On this news, Biohaven's stock price fell $3.84 per share, or 19.53%, to close at $15.82 per share on May 15, 2025.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's common stock, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.    Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Cates Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $62,200 in connection with purchases of Biohaven securities. *See* Cates Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Biohaven securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained

adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Biohaven common stock and is therefore, extremely motivated to pursue claims in this action.

## D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions throughout the country. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Likewise, Faxon Law has a long history of handling complex litigation including class actions. *See* Cates Decl., Exs. 4 and 5.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and Faxon Law Group, LLC as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

11

Dated: September 12, 2025

Respectfully submitted,

**FAXON LAW GROUP, LLC**

/s/Brittany Cates
Brittany Cates, Esq.
59 Elm Street
New Haven, CT 06510
Telephone: 203.624.9500
Email: bcates@faxonlawgroup.com

*[Proposed] Liaison Counsel for Plaintiff and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Brittany Cates</u>