**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAYLA TAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOHAVEN LTD., VLAD CORIC, and MATTHEW BUTEN,<br><br>Defendants. | Case No.: 3:25-cv-01120-JCH |

**HOWARD NEWCOMB'S MEMORANDUM OF LAW FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

SUMMARY ............................................................................................................................ 1

PROCEDURAL BACKGROUND ...................................................................................... 4

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ......................................................................................................................... 4

    I.       Appointing Movant as Lead Plaintiff is Appropriate ..................................... 4

        A.      Movant Filed a Timely Motion in Response to a PSLRA Notice .......................... 5

        B.      Movant Has the Largest Financial Interest ................................................................ 6

        C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................................................................... 6

               1.      Movant's Claims Are Typical With the Claims of the Class ............................ 7

               2.      Movant is an Adequate Representative ................................................................ 8

    II.      Approving Movant's Choice of Counsel is Appropriate. ............................................. 9

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Brady v. Top Ships Inc.,*
 324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 4

*In re Cendant Corp.,*
 264 F.3d 201 (3d Cir. 2001)................................................................................................ 8

*Crawford v. Honig,*
 37 F.3d 485 (9th Cir. 1994) ............................................................................................... 7

*In re Flight Safety Techs., Inc. Sec. Litig.,*
 231 F.R.D. 124 (D. Conn. 2005)........................................................................................ 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
 No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................... 6

*Parker v. Hyperdynamics Corp.,*
 No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767 (S.D. Tex. Feb. 19, 2013) ......................... 7

*Stirman v. Exxon Corp.,*
 280 F.3d 554 (5th Cir. 2002) ............................................................................................. 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
 No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

**Statutes**

15 U.S.C. § 78u-4 .............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ..............................................................................................*passim*

## SUMMARY

Lead Plaintiff movant Howard Newcomb ("Movant") respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) appointment as Lead Plaintiff in the above-captioned action (the "Action"); and (2) approval of his selection of counsel on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Biohaven Ltd. ("Biohaven" or the "Company") securities between March 24, 2023 and May 14, 2025, both dates inclusive (the "Class Period"). Movant seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Biohaven, Vlad Coric ("Coric"), and Matthew Buten ("Buten") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel should be approved, as this firm has substantial expertise and experience in securities and class

action litigation.

## **FACTUAL BACKGROUND**[1]

Biohaven is a biopharmaceutical company that discovers, develops, and commercializes therapies for immunology, neuroscience, and oncology. ¶ 2. The Company is developing, among other product candidates, troriluzole for the treatment of spinocerebellar ataxia ("SCA"), among other indications, as well as BHV-7000 for the treatment of bipolar disorder, among other indications. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) troriluzole's regulatory prospects as a treatment for SCA, and/or the sufficiency of data that Biohaven submitted in support of troriluzole's regulatory approval for this indication, were overstated; (ii) BHV-7000's efficacy and clinical prospects as a treatment for bipolar disorder were likewise overstated; (iii) all the foregoing, once revealed, was likely to have a significant negative impact on Biohaven's business and financial condition; and (iv) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id.*

On July 27, 2023, Biohaven issued a press release disclosing that the FDA had rejected the troriluzole NDA, refusing even to review the application because the Phase 3 SCA Trial had failed to meet its primary endpoint. ¶ 6.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Taylor* Complaint") filed in the action styled *Taylor v. Biohaven Ltd., et. al.,* Case No. 3:25-cv-01120-JCH (the "*Taylor* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Taylor* Complaint. The facts set forth in the *Taylor* Complaint are incorporated herein by reference.

As the market reacted to this news, Biohaven's stock price plummeted 22.61%, or $5.38 per share, to close at $18.42 per share on July 27, 2023. ¶ 7.

The Company issued a press release on December 16, 2024 announcing, *inter alia*, that it had resubmitted the troriluzole NDA to the FDA following additional purportedly positive efficacy data and "completion of a pre-NDA meeting in" the fourth quarter ("Q4") of 2024. ¶ 8.

On March 3, 2025, Biohaven issued a press release reporting its Q4 and full year ("FY") 2024 financial results and recent business developments, disclosing that recent data from a late-stage study of BHV-7000 in bipolar mania "did not statistically separate from the comparator on the Young Mania Rating Scale primary outcome measure[.]" ¶ 9.

Following these disclosures, Biohaven's stock price dropped $5.12 per share, or 13.77%, to close on March 3, 2025 at $32.06 per share. ¶ 10.

Multiple news reports emerged on April 25, 2025 that, according to the EMA, Biohaven had withdrawn its troriluzole MAA in late March 2025. ¶ 11.

In response to this news, the Company's stock price fell 15.21%, or $3.56 per share, to close on April 25, 2025 at $19.84 per share. ¶ 12.

Then, on May 14, 2025, Biohaven issued a press release "announc[ing] that the Division of Neurology 1 within FDA's Office of Neuroscience informed the Company that they are extending the [Prescription Drug User Fee Act ('PDUFA')1] date for the troriluzole [NDA] for the treatment of [SCA] by three months to provide time for a full review of Biohaven's recent submissions related to information requests from the FDA." ¶ 13. The press release further stated that "[t]he Division also informed Biohaven that it is currently planning to hold an advisory committee meeting to discuss the application, but no date has been scheduled." *Id.*

As the market digested this news, Biohaven's stock price declined 19.53%, or $3.84 per share, to close on May 15, 2025 at $15.82 per share. ¶ 14.

## PROCEDURAL BACKGROUND

Plaintiff Kayla Taylor ("Taylor") commenced the first above-captioned action against Biohaven in this Court on July 14, 2025 (the "*Taylor* Action"). On that same day, counsel for Taylor published a notice on *Access Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in Biohaven that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Shannon L. Hopkins in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Hopkins Decl.") at Exhibit ("Ex.") C.

## ARGUMENT

### I.    Appointing Movant as Lead Plaintiff is Appropriate

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interests of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### A.    Movant Filed a Timely Motion in Response to a PSLRA Notice

On July 14, 2025, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Taylor* Action was published on *Access Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of Biohaven securities that they had until September 12, 2025 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of Biohaven

securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Hopkins Decl., Ex. A.[2] By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

### B.    Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased a total of 13,100 shares, at a total net cost of $276,399.42, retained 9,100 shares through the end of the Class Period, and suffered approximately $141,695.55 using a last-in-first-out ("LIFO") analysis. *See* Hopkins Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

---

[2] Movant's Certification includes an Assignment from his wife, Martha Newcomb. "Account 2" refers to Martha Newcomb's account. Movant owns the other two accounts.

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 128 (D. Conn. 2005).

### 1. Movant's Claims Are Typical With the Claims of the Class.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial

7

performance of Biohaven. Movant, like all of the members of the Class, purchased Biohaven securities at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant is an Adequate Representative.

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel

highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. He resides in Parker, Colorado, and possesses a Bachelor of Science in Pharmaceutical Science. Prior to retirement, Mr. Newcomb was a qualified pharmacist. Movant has over forty-five years of investing experience. *See* Hopkins Decl., Ex. D, Movant's Declaration in support of his motion. Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.    Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as this one and is well-qualified to represent the Class. *See* Hopkins Decl., Exhibit E (firm résumé of proposed counsel). Thus, the Court may rest assured that by

granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: September 12, 2025              Respectfully Submitted,

                                       **LEVI & KORSINSKY, LLP**

                                       */s/ Shannon L. Hopkins*
                                       Shannon L. Hopkins
                                       1111 Summer Street, Suite 403
                                       Stamford, CT 06905
                                       Tel: (203) 992-4523
                                       Fax: (212) 363-7171
                                       Email: shopkins@zlk.com

                                         -and-

                                       Adam M. Apton
                                       33 Whitehall Street, 27th Floor
                                       New York, NY 10004
                                       Tel: (212) 363-7500
                                       Fax: (212) 363-7171

                                       *Lead Counsel for Howard Newcomb and*
                                       *[Proposed] Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 12, 2025, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

/s/ Shannon L. Hopkins
Shannon L. Hopkins