UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| KAYLA TAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOHAVEN LTD., VLAD CORIC, and MATTHEW BUTEN,<br><br>Defendants. | Case No.  3:25-cv-01120-JCH<br><br>**October 3, 2025** |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF JOHN C. SASSE
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND
(2) IN OPPOSITION TO COMPETING MOTION

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT ................................................................................................................................... 3

      I.        THE COURT SHOULD APPOINT SASSE AS LEAD PLAINTIFF ................... 3

              A.      Sasse Has the Largest Financial Interest in the Action .............................. 3

              B.      Sasse Satisfies the Applicable Requirements of Rule 23 ........................... 4

      II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
            BE APPROVED ............................................................................................... 6

      III.    THE COURT SHOULD DENY NEWCOMB'S COMPETING MOTION .......... 6

CONCLUSION ................................................................................................................................. 7

i

TABLE OF AUTHORITIES

Page(s)

Cases

*City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*,
  No. 18 Civ 3608, 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019)....................................................1

*Comeau v. VinFast Auto Ltd.*,
  No. 24 CV 2750 (NGG)(RML), 2024 WL 4654216 (E.D.N.Y. Nov. 1, 2024)....................2, 3

*Dookeran v. Xunlei Ltd.*,
  Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................2, 5

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................1, 2, 3, 5

*In re Fuwei Film Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ...........................................................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..............................................................................................6

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ...................................................................................2, 4, 5

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................................6

*Labul v. XPO Logistics, Inc.*,
  No. 3:18-CV-2062 (VLB), 2019 WL 1450271 (D. Conn. Apr. 2, 2019) ....................2, 3, 4, 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008).............................................................................3, 4, 6

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................. *passim*

Securities Exchange Act of 1934...............................................................................................4

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23............................................................................................................. *passim*

Lead Plaintiff Movant Sasse[1] respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 15); and in opposition to the competing motion of Howard Newcomb ("Newcomb") (Dkt. No. 14).[2]

PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Biohaven securities. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the largest financial interest in the outcome of the Action that also satisfies Rule 23's requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Sasse, who pursues claims in this litigation on behalf of the Sasse Family—comprised of Sasse and his wife Eileen R. Sasse (*see* Dkt. No. 15-1 at 1 n.1)—which incurred a loss of approximately $247,841[3] in connection with its Class Period transactions in Biohaven securities. *See* Dkt. No. 15-4 at *2. Although the PSLRA does not define "financial interest," courts in the Second Circuit, including this District, recognize that the amount of

---

[1] All capitalized terms herein are defined in Sasse's moving brief, unless otherwise indicated. *See* Dkt. No. 15-1.

[2] Initially, one other putative Class member, Sebastian Barthelmess ("Barthelmess"), filed a similar competing motion. *See* Dkt. No. 13. On September 26, 2025, Barthelmess filed a notice stating his non-opposition to the competing motions, acknowledging that he "does not appear to have the largest financial interest in this litigation within the meaning of the PSLRA." Dkt. No. 19 at 1.

[3] All loss figures cited herein are calculated on a last-in, first-out ("LIFO") basis. Courts prefer the LIFO methodology for purposes of calculating losses in connection with motions for lead plaintiff appointment pursuant to the PSLRA. *See City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18 Civ 3608, 2019 WL 364570, at *5 n.8 (S.D.N.Y. Jan. 30, 2019) (acknowledging courts generally use a LIFO methodology "in assessing loss for purposes of the appointment of lead plaintiff"); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 129 (S.D.N.Y. 2011) (same and collecting cases).

financial loss is the most significant factor to be considered. *See Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062 (VLB), 2019 WL 1450271, at *4 (D. Conn. Apr. 2, 2019) (equating financial interest with economic loss); *Comeau v. VinFast Auto Ltd.*, No. 24 CV 2750 (NGG)(RML), 2024 WL 4654216, at *2 (E.D.N.Y. Nov. 1, 2024) (same). The table below sets forth the Sasse Family's loss compared to that claimed by Newcomb:

|  | Loss |
| --- | --- |
| The Sasse Family | $247,841 |
| Newcomb | $141,696 |

As the above table reflects, the Sasse Family's loss of $247,841 is ***more than $100,000*** larger than that claimed by Newcomb ($141,696 (*see* Dkt. No. 14-1 at 6; Dkt. No. 14-4 at *3)), the only competing movant. Accordingly, Sasse clearly possesses the largest financial interest in this litigation of any competing movant.

In addition to his significant financial interest, Sasse readily satisfies Rule 23's typicality and adequacy requirements. His claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Labul*, 2019 WL 1450271, at *5; *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010). Sasse's significant financial interest gives him a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, he is aware of no conflict between his interests and those of the Class, and he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, at *2-3 (S.D.N.Y. Apr. 12, 2018). Further demonstrating his adequacy, Sasse has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, his understanding of the

responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 15-7 ¶¶ 1-7, 9-11.

For the reasons set forth herein, Sasse respectfully submits that the Court should grant his motion in its entirety and deny Newcomb's competing motion.

ARGUMENT

I.      THE COURT SHOULD APPOINT SASSE AS LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23[.]"  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  *See Labul*, 2019 WL 1450271, at \*5; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).  Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive lead plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representative is Sasse.

A.      Sasse Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Second Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered.  *See Labul*, 2019 WL 1450271, at \*4 (equating financial interest with economic loss); *Comeau*, 2024 WL 4654216, at \*2 (same); *Foley*, 272 F.R.D. at 128 ("plac[ing] the most emphasis on" loss in assessing financial interest).

Under the foregoing analysis, Sasse claims the largest financial interest in this Action among those seeking appointment as Lead Plaintiff. As the chart at p. 2 reflects, the Sasse Family incurred a loss of $247,841 in connection with its Class Period transactions in Biohaven securities (*see* Dkt. No. 15-4 at *2)—***more than $100,000*** larger than that claimed by Newcomb ($141,696 (*see* Dkt. No. 14-1 at 6; Dkt. No. 14-4 at *3)), the only other competing movant. Accordingly, Sasse clearly possesses the largest financial interest in this Action within the meaning of the PSLRA among the competing movants.

B.      Sasse Satisfies the Applicable Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of this Action—and thus being the statutorily presumed "most adequate plaintiff" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb))—Sasse has made the requisite *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements. *See Labul*, 2019 WL 1450271, at *5 ("[A]t this stage, 'a prospective lead plaintiff need only make a preliminary, *prima facie*, showing that his or her claims satisfy the requirements of Rule 23.'" (quoting *In re Fuwei Film Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008)); *Varghese*, 589 F. Supp. 2d at 397 (same).

Sasse satisfies the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Labul*, 2019 WL 1450271, at *5; *Janbay*, 272 F.R.D. at 120. Sasse alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Biohaven, or by omitting to state material facts necessary to make the statements they did make not misleading. Sasse, like other Class members, purchased Biohaven securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions

4

that drove Biohaven's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).  *See Labul*, 2019 WL 1450271, at \*5; *Janbay*, 272 F.R.D. at 120.

Sasse likewise satisfies the adequacy requirement of Rule 23(a)(4) because his significant financial interest gives him a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, he is aware of no conflict between his interests and those of the Class, and as discussed in greater detail below, in Pomerantz, he has selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class (*see* Dkt. No. 15-8).  *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at \*2-3.  Sasse has further demonstrated his adequacy by submitting with his motion papers a detailed Declaration that provides the Court with information about himself, including his age, city and state of residence, investment experience, and professional and educational background, and that attests to, *inter alia*, his understanding of the significance of his motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, as well as his readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 15-7 ¶¶ 1-7, 9-11.

\* \* \* \*

Because Sasse has the largest financial interest in the relief sought by the Class among those seeking appointment as Lead Plaintiff, and otherwise satisfies the applicable requirements of Rule 23, he is the presumptive "most adequate plaintiff" within the meaning of the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).    To overcome the strong presumption entitling Sasse to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that he is inadequate.  *Id.* § 78u-

4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese*, 589 F. Supp. 2d at 398)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Sasse has selected Pomerantz as Lead Counsel for the Class.  As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. No. 15-8.  Thus, the Court may be assured that by approving Sasse's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## III.    THE COURT SHOULD DENY NEWCOMB'S COMPETING MOTION

As discussed further in Section I.A., *supra*, Newcomb, the only other competing movant seeking appointment as Lead Plaintiff in this Action, cannot claim a larger financial interest in this litigation than Sasse.  This fact alone mandates denial of Newcomb's competing motion (Dkt. No. 14).

6

CONCLUSION

For the foregoing reasons, Sasse respectfully requests that the Court issue an Order: (1)

appointing Sasse as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as

Lead Counsel for the Class.

Dated:  October 3, 2025                         Respectfully submitted,

                                                POMERANTZ LLP

                                                */s/ Emily C. Finestone*
                                                Emily C. Finestone (Bar No. ct30250)
                                                Jeremy A. Lieberman
                                                (*pro hac vice* application forthcoming)
                                                J. Alexander Hood II
                                                (*pro hac vice* application forthcoming)
                                                600 Third Avenue, 20th Floor
                                                New York, New York 10016
                                                Telephone: (212) 661-1100
                                                Facsimile: (917) 463-1044
                                                efinestone@pomlaw.com
                                                jalieberman@pomlaw.com
                                                ahood@pomlaw.com

                                                *Counsel for John C. Sasse and Proposed Lead
                                                Counsel for the Class*

                                                PORTNOY LAW FIRM
                                                Lesley F. Portnoy, Esq.
                                                (*pro hac vice* application forthcoming)
                                                1100 Glendon Avenue, 14th Floor
                                                Los Angeles, California 90024
                                                Telephone: (310) 692-8883
                                                lesley@portnoylaw.com

                                                *Additional Counsel for John C. Sasse*

7

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Emily C. Finestone
Emily C. Finestone

8