**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAYLA TAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>    v.<br><br>BIOHAVEN LTD., VLAD CORIC, and MATTHEW BUTEN,<br><br>Defendants. | Case No.: 3:25-cv-01120-JCH |

**HOWARD NEWCOMB'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 3

    I.     The PSLRA Process.................................................................................................. 3

    II.    Mr. Sasse Cannot Serve as Lead Plaintiff Because He Does Not Meet Rule 23's
           Adequacy Requirements. ......................................................................................... 4

        A.    Mr. Sasse's Certification Is Defective. ..................................................... 4

        B.    The Timing of Mr. and Mrs. Sasse's Purchases Give Rise to a Conflict. .............. 5

    III.   Mr. Newcomb Meets Rule 23's Typicality and Adequacy Requirements. ................. 7

CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Albert Fadem Tr. v. Citigroup Inc.,*
  239 F. Supp. 2d 344 (S.D.N.Y. 2002)..................................................................... 8

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.,*
  No. 09 MD 2058 (PKC), 2011 U.S. Dist. LEXIS 84831 (S.D.N.Y. July 29, 2011) ............... 6

*Burnham v. Qutoutiao Inc.,*
  No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752 (S.D.N.Y. Nov. 4, 2020)............... 9

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) ................................................................................... 9, 10

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001).................................................................................... 9, 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................. 8

*In re Drexel Burnham Lambert Grp., Inc.,*
  960 F.2d 285 (2d Cir. 1992)..................................................................................... 7

*In re Enzymotec Ltd. Sec. Litig.,*
  No. 14-cv-5556, 2015 U.S. Dist. LEXIS 25720 (D.N.J. Mar. 3, 2015) ................................. 6

*In re Facebook, Inc.,*
  288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................... 3

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................................. 8

*Friedman v. Quest Energy Ptnrs. LP,*
  261 F.R.D. 607 (W.D. Okla. 2009).......................................................................... 5

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  903 F.2d 176 (2d Cir. 1990).................................................................................... 6

*Jiehua Huang v. Airmedia Grp., Inc.,*
  No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) ........ 10

*Kasilingam v. Tilray, Inc.,*
  No. 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885 (S.D.N.Y. Aug. 6, 2020)............ 9

*May v. Barclays PLC,*
  No. 23-cv-2583 (LJL), 2023 U.S. Dist. LEXIS 162416 (S.D.N.Y. Sep. 13, 2023) ................ 4

*Nasin v. Hongli Clean Energy Techs. Corp.*,
No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017).................... 5

*In re Netflix, Inc., Sec. Litig.*,
No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465 (N.D. Cal. Apr. 26, 2012) .......................... 7

*Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*,
No. 17-449, 2017 U.S. Dist. LEXIS 140268 (E.D. Tex. Aug. 31, 2017) ............................... 5

*Omdahl v. Farfetch Ltd.,*
No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935 (S.D.N.Y. June 10, 2020) ............ 10

*Perez v. Hexo Corp.*,
No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) ............. 1

*Pino v. Cardone Capital, LLC*,
No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317 (C.D. Cal. Dec. 18, 2020) .. 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ....................................................................................... 10

*Porter v. Graftech Int'l Ltd.*,
No. 1:24 CV 00154, 2024 U.S. Dist. LEXIS 87197 (N.D. Ohio May 15, 2024) .................... 4

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001)................................................................................... 5

*Reitan v. China Mobile Games & Ent. Group, Ltd.,*
68 F. Supp. 3d 390 (S.D.N.Y. 2014)..................................................................................... 8

*Retail Wholesale Dep't Store Union Local 338 Ret. Fund v. Synchrony Fin.*,
No. 3:18-cv-1818 (VAB), 2019 U.S. Dist. LEXIS 179318 (D. Conn. Feb. 5, 2019)............... 8

*Rodriguez v. Draftkings Inc.*,
No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12, 2021) ......... 2, 7

*Schaffer v. Horizon Pharma PLC*,
No. 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175 (S.D.N.Y. June 27, 2016) ............... 2

*Sofran v. LaBranche & Co., Inc.,*
220 F.R.D. 398 (S.D.N.Y. 2004) ...................................................................................... 3, 9

*In re Star Gas Sec. Litig.,*
No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005) ..................... 7

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999).................................................................................. 5

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

**PRELIMINARY STATEMENT**

The Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Howard Newcomb should be appointed as the lead plaintiff. He is the only movant that satisfies the typicality and adequacy requirements under Federal Rule of Civil Procedure 23(a). Further to that, he sustained a significant financial loss of approximately $150,000, thereby ensuring his commitment to overseeing the litigation of this action. His extensive investment background of over 45 years and selection of Levi & Korsinsky, LLP to serve as counsel further underscores his adequacy to serve as the lead plaintiff in this lawsuit.

The PSLRA's process for selecting a lead plaintiff is straightforward. The statute says that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). While a movant need only make a *prima facie* showing of adequacy and typicality, the requirement is taken seriously by courts and does not automatically receive a rubber-stamp of approval. *See Perez v. Hexo Corp.*, No. 19 Civ. 10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *6 (S.D.N.Y. Feb. 25, 2020) (denying lead plaintiff motion where movant failed to make *prima facie* showing of adequacy). That dynamic exists in this action where the only other movant opposing Mr. Newcomb's motion, John C. Sasse, has failed to demonstrate his adequacy to serve as lead plaintiff.

Two reasons exist to disqualify Mr. Sasse from serving as lead plaintiff. In the first instance, his motion is premised on a defective "certification" that fails to identify which trades are his and which trades may have been made by his wife. Every movant for lead plaintiff must sign a "certification" identifying *inter alia* his or her "transactions . . . in the security that is the

subject of the complaint during the class period." 15 U.S.C. § 78u-4(a)(2). While Mr. Sasse claims to have obtained an assignment from his wife, his certification does *not* comply with this statutory requirement because it does not identify which trades are his and which trades belong to his wife. The statute is specific in this regard and movants that do not comply with it cannot serve as the lead plaintiff. *See*, *e.g.*, *Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489, at *24-25 (S.D.N.Y. Nov. 12, 2021) ("errors" in certification "call[ed] into doubt [movant's] adequacy to be lead plaintiff").

Second to his defective certification, Mr. Sasse and/or his wife's transaction history places them at risk of losing "statutory standing" to pursue the alleged claims against the defendants in this action. Specifically, Mr. Sasse and/or his wife purchased the vast majority of their shares in Biohaven Ltd. during a two-month period between December 2023 and January 2024. *See* Dkt. No. 15-4. In fact, of the 11,241 shares they purchased, only 1,013 shares were purchased after that date range. This means that unless Mr. Sasse and his wife can successfully plead viable securities fraud claims for misrepresentations made during the earliest portion of the class period, they will not be able to recover approximately 90% of their losses. This dynamic places them inherently at odds with the vast majority of the class of shareholders they seek to represent and, therefore, creates a conflict that disqualifies Mr. Sasse from serving as the lead plaintiff. *See*, *e.g.*, *Schaffer v. Horizon Pharma PLC*, No. 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175, at *10 (S.D.N.Y. June 27, 2016) (denying motion for lead plaintiff "based on *potential* risks") (collecting cases).

Unlike Mr. Sasse, Mr. Newcomb is a *bona fide* lead plaintiff movant who meets the criteria for serving in that position. He is typical of the other class members he seeks to represent insofar as he acquired Biohaven stock during the class period on the open market (*i.e.*, the NASDAQ) just like all other class members. At the same time, he suffers from none of the defects or vulnerabilities

2

plaguing Mr. Sasse. Respectfully, Mr. Newcomb's motion should be granted in its entirety.

**ARGUMENT**

### I.        The PSLRA Process.

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 36-41 (S.D.N.Y. 2012). "Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

3

**II.    Mr. Sasse Cannot Serve as Lead Plaintiff Because He Does Not Meet Rule 23's Adequacy Requirements.**

**A.    Mr. Sasse's Certification Is Defective.**

The PSLRA requires all lead plaintiff applicants to provide a "sworn certification" identifying "all of the transactions of the plaintiff in the security that is the subject of the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). This requirement is non-negotiable. Mr. Sasse's certification attempts to do this but fails. While his certification states "[a]ll transactions in Biohaven securities during the Class Period as specified in the Complaint are listed" in an attached addendum, the addendum does not specify which transactions belong to him versus his wife. Dkt. No. 15-6 at 5. Indeed, Mr. Sasse' motion includes an "assignment" from Eileen R. Sasse, later explained to be Mr. Sasse's wife, assigning her rights in the Biohaven action to Mr. Sasse. Dkt Nos. 15-3 and 15-7. However, neither Mr. Sasse's certification nor the schedule listing the accounts indicate who the actual owner of the accounts is.

This is dispositive of his motion because it may very well be that his wife, Eileen Sasse, purchased the majority of the Biohaven securities at issue, thereby making her the appropriate movant for lead plaintiff and not Mr. Sasse. Without any indication one way or the other, the certification and accompanying materials are defective. *See Porter v. Graftech Int'l Ltd.*, No. 1:24 CV 00154, 2024 U.S. Dist. LEXIS 87197, at *26-28 (N.D. Ohio May 15, 2024) (denying lead plaintiff motion where certification did not specify stock and account ownership of movant). Mr. Sasse's failure to make a timely preliminary showing of his monetary interest in the relief sought by the class is disqualifying as that makes it impossible to determine his financial interest in the relief being sought in this Action. *See May v. Barclays PLC*, No. 23-cv-2583 (LJL), 2023 U.S. Dist. LEXIS 162416, at *43 (S.D.N.Y. Sep. 13, 2023) ("The plain meaning of the term 'financial

interest in the relief' indicates . . . the greatest monetary interest . . . .") (emphasis in original); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001) ("The theory of the [lead plaintiff] provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff-frequently a large institution or otherwise sophisticated investor-would be motivated to act like a 'real' client . . . .").

Nor can Mr. Sasse correct his certification after the fact. He has not sufficiently demonstrated under the strict standards required under the PSLRA that his motion truly represented the greatest claimed financial loss. *See Nasin v. Hongli Clean Energy Techs. Corp.*, No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *7-8 (D.N.J. Nov. 21, 2017) (holding certifications defective for failing to include requisite "under penalty of perjury" language, notwithstanding corrected versions because they were filed after 60-day deadline); *Oklahoma Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, No. 17-449, 2017 U.S. Dist. LEXIS 140268, at *13 (E.D. Tex. Aug. 31, 2017) (recognizing that "[a]ny supplement or augmentation of the motion must also take place within the sixty-day deadline"); *Friedman v. Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) ("The plain language of the [PSLRA] precludes consideration of any supplemental information filed after the sixty day window has closed."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed.") (emphasis in original).

**B.      The Timing of Mr. and Mrs. Sasse's Purchases Give Rise to a Conflict.**

Under Section 10(b) of the Exchange Act, the injury-in-fact requirement is satisfied when the plaintiff purchased the securities at issue *during the relevant period* when the misconduct

5

allegedly occurred. *See In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MD 2058 (PKC), 2011 U.S. Dist. LEXIS 84831, at *47-50 (S.D.N.Y. July 29, 2011) (noting Article III standing in securities fraud actions requires beneficial ownership in the securities at issue and a purchase or sale of those securities *during the relevant period*). In a securities fraud class action like the one at bar, the initial class period is subject to change because the initial complaint is traditionally followed by an amended complaint shortly after a lead plaintiff is appointed.

Here, the Class Period in this action runs from March 24, 2023 to May 14, 2025, both dates inclusive. Dkt. No. 1 ¶ 1. Mr. and/or Mrs. Sasse's transactions in Biohaven securities occurred primarily between December 2023 and January 2024 (*see* Dkt. No. 15-4). Accordingly, if for **any** reason the start of the Class Period in this action is shortened by a few months, Mr. and/or Mrs. Sasse will not have engaged in a purchase or sale during the relevant period during which misconduct allegedly occurred, in which case Mr. Sasse will lack standing to bring fraud claims against Defendants under Section 10(b) of the Exchange Act. *See In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2011 U.S. Dist. LEXIS 84831, at *47-50.

The risk that Mr. Sasse may lose standing to bring fraud claims for the vast majority of his transactions creates a very real scenario in which he will prioritize the prosecution of certain claims over others. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("[r]egardless of whether the issue is framed in terms of the typicality of the representative's claims or the adequacy of its representation, there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."); *see also In re Enzymotec Ltd. Sec. Litig.*, No. 14-cv-5556, 2015 U.S. Dist. LEXIS 25720, at *7 (D.N.J. Mar. 3, 2015) ("the competing plaintiff must show simply that there is some degree of

6

probability that the defense might 'become a major focus' in the case.").

The "*probability* that [Mr. Sasse] will face [a unique] defense alone justifies denying his motion for appointment as []lead plaintiff." *Pino v. Cardone Capital, LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *16 (C.D. Cal. Dec. 18, 2020) (emphasis added); *see also In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 U.S. Dist. LEXIS 59465, at *17 (N.D. Cal. Apr. 26, 2012) ("There is no requirement at this early stage to prove a defense, only to show *a degree of likelihood* that a unique defense *might* play a significant role at trial. The point of this requirement is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole.") (emphases added and internal citations omitted). Contrary to being typical of most class members, Mr. and Mrs. Sasse's transactions distinctly separate them from the class at large and give rise to unique defenses that, if appointed, will "dog" the class throughout the litigation. *Rodriguez*, 2021 U.S. Dist. LEXIS 219489, at *28.

### III.    Mr. Newcomb Meets Rule 23's Typicality and Adequacy Requirements.

Unlike Mr. Sasse, Mr. Newcomb satisfies both the typicality and adequacy requirements under Rule 23. The typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Grp., Inc.,* 960 F.2d 285, 291 (2d Cir. 1992). Mr. Newcomb's claims are typical of those of other Class members because, like other Class members, he acquired Biohaven securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the action.

Moreover, Mr. Newcomb's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Star Gas Sec. Litig.,* No.

3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *20 (D. Conn. Apr. 8, 2005); *Albert Fadem Tr. v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347-48 (S.D.N.Y. 2002) ("Pompano's claims are typical of the class because its claims and injuries allegedly arise from the same course of conduct as that from which claims of the other class members arise. Pompano's members purchased Citigroup securities on the open market during the class period; at prices alleged to have been artificially inflated by the materially false and misleading statements issued by Defendants; and suffered damages thereby."). As evidenced by his certification, Mr. Newcomb purchased Biohaven stock throughout the entire Class Period, even as late as April 2025. *See* Dkt. No. 14-3.[1]

In addition to meeting the "typicality" requirements under Rule 23, Mr. Newcomb also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Newcomb must make a preliminary showing that "(1) [her choice of] class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) [she] has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Retail Wholesale Dep't Store Union Local 338 Ret. Fund v. Synchrony Fin.*, No. 3:18-cv-1818 (VAB), 2019 U.S. Dist. LEXIS 179318, at *19 (D. Conn. Feb. 5, 2019) (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011)). Mr. Newcomb has shown that her choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. Dkt, No. 14-7 (Levi & Korsinsky firm resume). This will ensure the vigorous and adequate prosecution of the Class's claims. *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, Mr. Newcomb has no conflicts with other Class Members. Dkt. No. 14-1 at 8; *Reitan v.*

---

[1] Mr. Newcomb also indicates in his brief that "Account 2" belongs to his wife, who assigned her claims against Biohaven to him. Dkt. No. 14-1 at 6 n.2.

*China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014). Moreover, there is no evidence of any antagonism between Mr. Newcomb's interests and those of the Class and he has a significant and compelling interest in prosecuting the action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *Burnham v. Qutoutiao Inc.,* No. 20-CV-6707 (SHS), 2020 U.S. Dist. LEXIS 206752, at *6-7 (S.D.N.Y. Nov. 4, 2020).

Mr. Newcomb is more than qualified to serve as lead plaintiff. As described in his declaration submitted with his motion, Mr. Newcomb resides in Parker, Colorado, and possesses a Bachelor of Science in Pharmaceutical Science. Dkt. No. 14-6. Prior to retirement, Mr. Newcomb was a qualified pharmacist. *Id*. Mr. Newcomb has over forty-five years of investing experience. *Id.* Mr. Newcomb is the ideal candidate to be appointed lead plaintiff. *See In re Cendant Corp.*, 264 F.3d 201, 266-67 (3d Cir. 2001) ("the goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class" and "actively supervise the conduct of the litigation" of class actions alleging securities fraud).

Mr. Newcomb is entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Kasilingam v. Tilray, Inc.*, No. 1:20-CV-03459-PAC, 2020 U.S. Dist. LEXIS 140885, at *5-6 (S.D.N.Y. Aug. 6, 2020); *Sofran,* 220 F.R.D. at 402 (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)); *Cendant*, 264 F.3d at 267. Importantly, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the

9

presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant,* 264 F.3d at 268; *see also Cavanaugh*, 306 F.3d at 730-32.

This presumption may be rebutted only upon *proof* by a class member that it "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Omdahl v. Farfetch Ltd.,* No. 19-CV-8657 (AJN), 2020 U.S. Dist. LEXIS 103935, at *6 (S.D.N.Y. June 10, 2020) ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"); *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). Here, no proof exists that Mr. Newcomb would be inadequate or subject to unique defenses.

## CONCLUSION

For the foregoing reasons, Mr. Newcomb respectfully requests that the Court grant his motion and enter an Order: (1) appointing Mr. Newcomb as Lead Plaintiff; (2) approving Mr. Newcomb's selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

*[Signature on following page]*

10

Dated: October 3, 2025                    Respectfully Submitted,

                                          **LEVI & KORSINSKY, LLP**

                                          */s/ Shannon L. Hopkins*
                                          Shannon L. Hopkins
                                          1111 Summer Street, Suite 403
                                          Stamford, CT 06905
                                          Tel: (203) 992-4523
                                          Fax: (212) 363-7171
                                          Email: shopkins@zlk.com

                                          *Lead Counsel for Howard Newcomb and*
                                          *[Proposed] Lead Counsel for the Class*

11

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 3, 2025, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

/s/ Shannon L. Hopkins
Shannon L. Hopkins