**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KAYLA TAYLOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIOHAVEN LTD., VLAD CORIC, and MATTHEW BUTEN,<br><br>Defendants. | Case No.: 3:25-cv-01120-JCH |

**HOWARD NEWCOMB'S REPLY IN FURTHER SUPPORT**
**OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT ...................................................................................................................................... 2

    I.      Mr. Sasse Cannot Serve as Lead Plaintiff Because He Is Inadequate and Subject to Unique Defenses. ........................................................................................................ 2

    II.     Mr. Newcomb Should Be Appointed Lead Plaintiff. ..................................................... 5

CONCLUSION ................................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Cases**

*Basic, Inc. v. Levinson*,
  485 U.S. 224 (1988) .......................................................................................................... 4, 5

*Batter v. Hecla Mining Co. et al.*,
  No. 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665 (S.D.N.Y. Mar. 25, 2020) ................. 5

*Blue Chip Stamps* v. *Manor Drug Stores,*
  421 U.S. 723 (1975) .............................................................................................................. 4

*Camp v. Qualcomm Inc.*,
  No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269 (S.D. Cal. Jan. 22, 2019) ............ 3

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  903 F.2d 176 (2d Cir. 1990) ................................................................................................... 5

*Perez v. Hexo Corp.*,
  No. 19-cv-10965 (NRB), 2020 U.S. Dist. LEXIS 32381 (S.D.N.Y. Feb. 25, 2020) ................ 2

*Rodriguez v. DraftKings Inc.*,
  No. 21 CIV. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12, 2021) ............ 3

*Schaffer v. Horizon Pharma plc*,
  No. 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175 (S.D.N.Y. June 27, 2016) ................ 5

*Tomaszewski v. Trevena, Inc.*,
  383 F. Supp. 3d 409 (E.D. Pa. 2019) ..................................................................................... 3

*Tsirekidze v. Syntax-Brillian Corp.*,
  No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008) ........... 2

*Weikel v. Tower Semiconductor, Ltd.,*
  183 F.R.D. 377 (D.N.J. 1998) ................................................................................................ 4

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................................... 2, 5

## **PRELIMINARY STATEMENT**

Howard Newcomb is the "presumptive" lead plaintiff pursuant to the PSLRA. This is because he is the movant who a) possesses the "largest financial interest" in the outcome of the litigation that has also b) makes the required *prima facie* showing of typicality and adequacy under Federal Rule of Civil Procedure 23. The only other movant opposing Mr. Newcomb's motion, John C. Sasse[1], has not submitted any "proof" necessary to rebut this presumption. Consequently, Mr. Newcomb should be appointed lead plaintiff and his counsel at Levi & Korsinsky, LLP should be approved as lead counsel.

Mr. Sasse fails to raise any issues pertaining to Mr. Newcomb's ability to be the lead plaintiff, only arguing that his alleged losses are greater. *See* Dkt. No. 21 at p. 6.  However, Mr. Sasse fails to demonstrate his adequacy to serve as lead plaintiff. First, Mr. Sasse's "certification" fails to identify which trades are his and which trades were made by his wife, thereby obscuring his true financial interest in the action and confusing who, in fact, should be serving as the lead plaintiff between him and his spouse. Second, Mr. Sasse and/or his wife purchased the vast majority of their shares in Biohaven Ltd. during a short period at the start of the class period. *See* Dkt. No. 15-4. Mr. Sasse and his wife will need to successfully plead viable securities fraud claims for misrepresentations made during this short window, or they will not be able to recover the majority of their losses. This places them at odds with vast majority of the class and therefore creates a conflict precluding Mr. Sasse from serving as lead plaintiff.

The class should not be subjected to the risks presented by Mr. Sasse. His involvement in the action as lead plaintiff gives rise to a conflict, while Mr. Newcomb stands ready, willing and

---

[1] One other competing movant, Sebastian Barthelmess, filed a notice of non-opposition on September 26, 2025. *See* Dkt. No. 19.

able to serve as lead plaintiff. Indeed, Mr. Newcomb has the next "largest financial interest" in the litigation once Mr. Sasse is eliminated from contention. With $141,695.55 of potentially recoverable losses (*See* Dkt. No. 14-4), and without being subject to any sort of "unique defense," Mr. Newcomb satisfies the typicality and adequacy requirements of Rule 23 and is by far the "most adequate plaintiff" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Therefore, the Court should grant Mr. Newcomb's motion and approve him and his chosen counsel as lead plaintiff and lead counsel, respectively.

## ARGUMENT

### I.    Mr. Sasse Cannot Serve as Lead Plaintiff Because He Is Inadequate and Subject to Unique Defenses.

In his opposition brief, Mr. Sasse claims that he is entitled to the "most adequate plaintiff" presumption simply because he claims to have the largest financial interest. But this runs contrary to both the PSLRA and applicable case law. Not only does the "most adequate plaintiff" need to have the "largest financial interest" they must also satisfy Rule 23's typicality and adequacy requirements **before** the presumption is triggered. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Perez v. Hexo Corp.*, No. 19-cv-10965 (NRB), 2020 U.S. Dist. LEXIS 32381, at *6-7 (S.D.N.Y. Feb. 25, 2020) (denying lead plaintiff motion where movant failed to demonstrate *prima facie* showing of adequacy). Conversely, there has been "no argument against [Mr. Newcomb] other than pointing out [his] relatively low financial stake in the litigation." *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr. 4, 2008) (appointing investor that lacked the largest financial interest as lead plaintiff). *See also* Dkt. No. 21 (Mr. Sasse's Opposition Brief).

As discussed at length in Mr. Newcomb's opposition brief, Mr. Sasse is inadequate under

Rule 23 for more than one reason, and thus ineligible for appointment as lead plaintiff. First, his certification states "[a]ll transactions in Biohaven securities during the Class Period as specified in the Complaint are listed" in an attached addendum without specifying which transactions belong to him versus his wife. Dkt. No. 15-6 at 5. Courts routinely deny motions on the basis of such errors and/or falsities, as they raise legitimate questions as to a movant's preparedness to serve as a class fiduciary. *See, e.g., Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *8-10 (S.D. Cal. Jan. 22, 2019) (errors in transactions records prohibit movants from satisfying adequacy requirements of Rule 23); *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489, at *24-25 (S.D.N.Y. Nov. 12, 2021) (disqualifying movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (errors in sworn certification demonstrated "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"). By not clearly identifying which accounts belong to him, and which accounts belong to his wife, Mr. Sasse has failed to make a timely preliminary showing of his financial interest in this action. Correctly labeling accounts is a task that can easily be done, which shows the lack of interest Mr. Sasse has in this litigation.[2]

Perhaps more concerning is the risk Mr. Sasse presents to the class as the litigation progresses. Neither Mr. Sasse's certification nor any of his other motion documents indicate the actual owner of each account, thereby obscuring Mr. Sasse's true financial interest as well as

---

[2] Unlike Mr. Sasse, Mr. Newcomb properly identified which accounts belonged to him versus his wife. *See* Dkt. No. 14-1 at 6 n.2 ("Movant's Certification includes an Assignment from his wife, Martha Newcomb. 'Account 2' refers to Martha Newcomb's account. Movant owns the other two accounts.").

whether he was the primary purchaser of Biohaven securities. In turn, neither the parties nor the Court has any way to know whether Mr. Sasse or his wife would be the appropriate individual to testify at class certification or trial on behalf of the Class. Depending on who purchased the Biohaven securities, Mr. Sasse should not be allowed to serve as lead plaintiff because his wife may be the individual who is personally knowledgeable with respect to the transactions. Absent personal knowledge about the transactions, the Class faces the risk of being unable to establish the element of "reliance" for class certification purposes under *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988). *See Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377, 392 (D.N.J. 1998) (lead plaintiff found inadequate to serve as class representative when reliance issues were raised by defendants). Mr. Sasse would be unable to testify to the purchasing and/or trading strategies taken by his wife when she decided to invest in Biohaven, which triggers the precise concerns raised by the Supreme Court in *Blue Chip Stamps* v. *Manor Drug Stores,* 421 U.S. 723 (1975). Specifically, a major concern of the Supreme Court in *Blue Chip Stamps* was "the high value of oral testimony" and the need for juries to hear reliable evidence. *Id*. at 743, 476. In this case, Mr. Sasse has not established his ability to proffer *any* testimony, let alone reliably, because he has failed to demonstrate himself as *an actual purchaser* of Biohaven stock. His inability to testify on behalf of his wife undermines his ability to act as a lead plaintiff in the action, and thus his appointment as lead plaintiff should be denied.

The timing of Mr. and/or Mrs. Sasse's transactions illustrate the concerns raised above. As explained in opposition, Mr. and/or Mrs. Sasse purchased the bulk of their stock in Biohaven during a very short period of time early on in the Class Period. *See* Dkt. No. 22 at 5-7. The Class Period in this action runs from March 24, 2023 to May 14, 2025, both dates inclusive. Dkt. No. 1 ¶ 1. Mr. and/or Mrs. Sasse's transactions in Biohaven securities occurred primarily between

4

December 2023 and January 2024 (see Dkt. No. 15-4). Consequently, Mr. and/or Mrs. Sasse are not only uniquely motivated to pursue allegations geared towards this early portion of the Class Period (*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)), but Mr. Sasse will be unable to testify why his wife opted to invest so heavily during this small window if she is the one that made the transactions at issue. This testimony will be critical in order for the Class to maintain any presumption of "reliance" under *Basic*.

In selecting a lead plaintiff, the Court's concern is not whether Defendants will ultimately succeed on a "unique defense." *Batter v. Hecla Mining Co. et al.*, No. 19-cv-4883 (ALC), 2020 U.S. Dist. LEXIS 51665, at *22 (S.D.N.Y. Mar. 25, 2020) ("Where there is at least a potential that the presumptively most adequate Lead Plaintiff will be subject to unique defenses . . . disqualification is appropriate."); *Schaffer v. Horizon Pharma plc*, No. 16-CV-1763 (JMF), 2016 U.S. Dist. LEXIS 83175, at *7 (S.D.N.Y. June 27, 2016) ("[M]any courts have rejected appointments of Lead Plaintiffs based on potential risks.") (emphasis in original). Instead, the Court should deny Mr. Sasse's motion because there is no reason to subject the Class to any unnecessary additional risks than they already face when a perfectly capable and highly motivated conflict-free shareholder stands ready, willing and able to prosecute the case—Mr. Newcomb.

## II.    Mr. Newcomb Should Be Appointed Lead Plaintiff.

Once Mr. Sasse is disqualified, Mr. Newcomb becomes the presumptive lead plaintiff. The "strong presumption" in favor of appointing Mr. Newcomb as Lead Plaintiff can only be rebutted with "proof" that Mr. Newcomb is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists here. Mr. Newcomb has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Newcomb is

both typical and adequate and his Motion should be granted in its entirety.

## CONCLUSION

For the foregoing reasons, Mr. Newcomb respectfully requests that the Court grant his motion and enter an Order: (1) appointing Mr. Newcomb as Lead Plaintiff; (2) approving Mr. Newcomb's selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: October 17, 2025                    Respectfully Submitted,


**LEVI & KORSINSKY, LLP**

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com

*Lead Counsel for Howard Newcomb and*
*[Proposed] Lead Counsel for the Class*

6

**CERTIFICATE OF SERVICE**

I HEREBY certify that on October 17, 2025, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins